IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWISS REINSURANCE AMERICA CORPORATION<br>Plaintiff,<br><br>v.<br><br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0095C<br>(Judge Futey) |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (the "RCFC"), defendant, the United States, respectfully requests that this Court dismiss plaintiff's, Swiss Reinsurance America Corporation ("Swiss Re"), complaint for failure to state a claim upon which relief can be granted upon the ground that Swiss Re's complaint is barred by the doctrine of collateral estoppel. Swiss Re previously asserted the identical claim before the Armed Services Board of Contract Appeals ("ASBCA" or "board") that it now is attempting to pursue in this Court. The board, after analyzing written briefs by attorneys for Swiss Re and the Government, determined that it did not possess jurisdiction to entertain Swiss Re's claims because Swiss Re was not a "contractor," as defined by the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 ("CDA"). Because this issue of CDA jurisdiction has already been litigated and adjudicated by the ASBCA, Swiss Re's complaint is barred based upon the doctrine of collateral estoppel.

**DEFENDANT'S BRIEF**

**STATEMENT OF THE ISSUE**

1. Whether Swiss Re's complaint should be dismissed based upon the doctrine of collateral estoppel because the ASBCA has already ruled upon the issue of CDA jurisdiction.

## I. Nature of the Case

After the original contractor on the construction project at issue was terminated for default by the Government, Swiss Re, in its capacity as the surety for the terminated company, entered into a completion contract with the Government to complete the remainder of the work on the project. After the work was completed, Swiss Re submitted a claim to the contracting officer, seeking entitlement to $39,000 in damages for additional dredging costs it allegedly incurred as a result of the Navy's alleged breach of contract. The contracting officer denied Swiss Re's claim and Swiss Re appealed to the ASBCA. The ASBCA determined that it did not possess jurisdiction to entertain Swiss Re's appeal because Swiss Re was not a "contractor", as defined by the CDA. After the board dismissed Swiss Re's appeal for lack of jurisdiction, Swiss Re filed an identical suit in this Court.

## II. Statement Of Facts[1]

This claim arises out of a construction project known as the New Dock Front at PEWARS , Neville Island, Pennsylvania. Compl. ¶ 5. On March 25, 1999, the Army Corps of Engineers ("COE") awarded contract number DACW59-99-C-0002 ("contract") to Airport Industrial Park, Inc. t/d/b/a/ PEC Contracting Engineers ("PEC") to install a new permanent

---

[1] For purposes of this motion only, unless otherwise indicated, we accept as true the factual allegations in the complaint. However, should our motion to dismiss be denied, we reserve the right to contest each and every factual allegation.

anchor system on the island. Compl. ¶ 6, 11. In connection with the award of the contract, PEC provided a performance bond from Amwest Surety Insurance Company ("Amwest"). Compl. ¶ 8, Compl. Ex. "2". Swiss Re alleges that it issued a reinsurance agreement for this performance bond. Compl. ¶ 9, Compl. Ex. "3".

On August 17, 2001, prior to PEC's completion of the contract work, the COE determined PEC to be in default of its obligations pursuant to the contract and terminated the contract for default. Compl. ¶¶ 15, 16. The propriety of the COE's default of PEC has been upheld by this Court. Airport Industrial Park, Inc. d/b/a/ P.E.C. v. United States, 59 Fed. Cl. 332 (2004).

The COE made demand pursuant to the performance bond for completion of the contract work. Compl. ¶ 17. Swiss Re alleges that on June 7, 2001, by order the District Court of Lancaster County, Nebraska, Amwest was placed into liquidation and Swiss Re was named a reinsurer of the performance bond at issue. Compl. ¶ 18. COE's demand on the performance bond was made upon Swiss Re. Compl. ¶ 19. Subsequently, Swiss Re entered into a completion agreement ("Completion Agreement") with the COE on April 25, 2002. Compl. Ex. "5". The Completion Agreement provided, among other things, that Port Vue Plumbing, Inc. ("Port Vue") would perform the work required to complete the project. Id.

______In its complaint, Swiss Re asserts that a dispute arose as to whether the COE could require duplex drilling for the rock installations or whether Port Vue could perform the installations using a different method. Compl. ¶¶ 22-28. This issue was not resolved.

On March 19, 2002, Swiss Re initiated a claim against the Government for additional compensation in the amount of $39,000, arising out its dispute with the COE as to what method could be used for the rock installations. Compl. ¶ 46. On May 3, 2002, the COE issued a

contracting officer's final decision ("COFD"), requiring duplex drilling for the rock installations. Compl. ¶ 47, Compl. Ex. "9". The COFD also provided that the COE was entitled to a credit of $12,434.78 for the work done on prior rock anchor installations. Id.

Swiss Re appealed the COFD to the ASBCA. Compl. ¶ 49. After reviewing and analyzing written briefs from counsel for both Swiss Re and the COE, the ASBCA, on December 18, 2003, dismissed Swiss Re's appeal for lack of jurisdiction. DA 1-5.[2] The board's conclusion that it did not possess jurisdiction over Swiss Re's claims was based exclusively upon its interpretation of the CDA and whether Swiss Re was a "contractor" within the meaning of 41 U.S.C. § 601(4). DA 4. The ASBCA, relying upon Fireman's Fund Insurance Co. v. England, 313 F.3d 1344, 1351 (Fed. Cir. 2002), determined that Swiss Re was not a "contractor" and dismissed the appeal for lack of jurisdiction. Rather than appeal the ASBCA decision to the United States Court of Appeals for the Federal Circuit, Swiss Re filed this complaint, seeking the same relief.

## ARGUMENT

### I. Swiss Re's Claims Are Barred Pursuant To The Doctrine Of Collateral Estoppel

Because the ASBCA has already ruled upon the issue of CDA jurisdiction, Swiss Re is barred from relitigating that issue in this Court. Pursuant to the doctrine of collateral estoppel, a party is precluded from relitigating an issue if "(1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issues in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted

[2] "DA __" shall refer to defendant's appendix filed contemporaneously with this brief.

must have had a full and fair opportunity to litigate the issue in the prior proceeding." Dana v. E.S. Originals, Inc., 342 F.3d 1320, 1323 (Fed. Cir. 2003) (quoting Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998)). The facts of this case meet all of the above elements. First, the issue at stake – whether CDA jurisdiction exits – is identical in both the board appeal and this lawsuit. The issue of whether Swiss Re constitutes a "contractor" within the definition of the CDA is the same in this Court as it was before the ASBCA. If the ASBCA did not possess jurisdiction over Swiss Re's claims based upon the CDA, then this Court would not possess jurisdiction. Second, the issue was actually litigated in the board proceeding – culminating in written briefs being submitted by attorneys for both parties and an analyzed decision by the board. DA 1-5. It is well established that prior board decisions, just like prior Court decisions, can be the basis for claims of collateral estoppel. McSheffrey v. United States, 58 Fed. Cl. 21, 26 (2003). Third, the ASBCA's determination that it did not possess jurisdiction was critical and necessary to the court's determination – indeed the jurisdictional determination was the sole ground for dismissing the appeal. Finally, Swiss Re had a full and fair opportunity to litigate the issue before the board. Accordingly, Swiss Re's claim is barred by the doctrine of collateral estoppel.

## CONCLUSION

For these reasons, the United States requests that this Court dismiss Swiss Re's complaint for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner by Deborah A. Bynum
DONALD E. KINNER
Assistant Director

s/ David R. Feniger
DAVID R. FENIGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 307-3390
Fax (202) 305-2118
Attorneys for Defendant

May 10, 2004