# APPENDIX

ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| Swiss Reinsurance America Corporation | ) | ASBCA Nos. 53886, 53887 |
| | ) | |
| Under Contract No. DACW59-99-C-0002 | ) | |

APPEARANCE FOR THE APPELLANT: Theodore M. Baum, Esq.
Ernstrom & Dreste, LLP
Rochester, NY

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
Engineer Chief Trial Attorney
William A. Lubick, Esq.
Engineer Trial Attorney
Cornelius W. Purcell, Esq.
Agency Local Counsel
U.S. Army Engineer District, Pittsburgh

OPINION BY ADMINISTRATIVE JUDGE TUNKS
PURSUANT TO BOARD RULE 11

These appeals arose in connection with a reinsurance company's arrangement for completion of a defaulted construction contract. ASBCA No. 53886 is the reinsurance company's claim for $39,000.00 for a requirement to use duplex drilling to install 69 rock anchors in connection with the completion work. ASBCA No. 53887 is a government claim for $12,434.78 for savings realized by the original contractor in using water flushing instead of duplex drilling for the first 22 rock anchors. The parties have elected to proceed pursuant to Board Rule 11. Only entitlement is before us. At the request of the Board, the parties have briefed our jurisdiction to proceed with these appeals in light of *Fireman's Fund Insurance Co. v. England*, 313 F.3d 1344 (Fed. Cir. 2002). We conclude that we lack jurisdiction.

FINDINGS OF FACT

1. The government awarded Contract No. DACW59-99-C-0002 in the amount of $4,646,931.00 to Airport Industrial Park, Inc. d/b/a P.E.C. Contracting Engineers (PEC) on 25 March 1999. The contract required construction of a new dock front at the Pittsburgh Engineer Warehouse and Repair Shops (PEWARS), Neville Island, Pennsylvania, including the installation of rock anchors. (ASBCA No. 53886, R4, tabs 1, 3)

2. PEC obtained a performance bond from Amwest Surety Insurance Company (Amwest) and a reinsurance agreement for the performance bond from Swiss Reinsurance America Corporation (Swiss Re) (ASBCA No. 53886, exs. A-1, -2).

3. On or about 7 June 2001, Amwest went into liquidation and all proceedings against it, including bond claims, were stayed (ASBCA No. 53886, 2nd compl., ¶ 15).

4. The government issued a cure notice to PEC on 31 July 2001 (ASBCA No. 53887, R4, tab 5).

5. On 17 August 2001, the government terminated the contract for default (ASBCA No. 53887, R4, tab 6).

6. On 23 October 2001, the government entered into a "partial completion agreement" with Swiss Re to complete certain concrete work in connection with Phase 1 and the downstream return wall of the new dock front (R4, tab 15). The work covered by the "partial completion agreement" did not include the 69 rock anchors that are the subject of ASBCA No. 53886.

7. Pursuant to the "partial completion agreement," Swiss Re issued a solicitation for the remaining work. Bids were received on 4 March 2002. Thereafter, the government deleted a portion of the work and Swiss Re issued a revised solicitation. Bids for the revised solicitation were due on 13 March 2002. (ASBCA No. 53886, ex. A-4, ¶¶ 25, 26)

8. On 11 March 2002, the contracting officer advised Swiss Re that the remaining rock anchors had to be drilled using duplex drilling (ASBCA No. 53886, ex. A-4, ¶ 26; ASBCA No. 53887, R4, tab 8).

9. Instead of revising the solicitation again, Swiss Re requested the bidders to submit a separate price for duplex drilling. On 19 March 2002, Port Vue Plumbing, Inc. (Port Vue), submitted a separate bid of $39,000.00 for duplex drilling. (ASBCA No. 53886, R4, tab 17 at 5; ex. A-4, ¶ 27)

10. On 19 March 2002, Swiss Re submitted a claim for $39,000.00 to the contracting officer for installing 69 rock anchors using duplex drilling (ASBCA No. 53886, R4, tab 17).

11. On 25 April 2002, Swiss Re entered into a "completion contract" with the government and Port Vue for the remainder of the work, which included installation of the disputed anchors. The agreement provided, in part, as follows:

. . . [I]n consideration of the agreements and undertakings hereinafter set forth, and for other good and valuable consideration . . . the Government, the Surety [Swiss Re], and Completion Contractor [Port Vue] agree as follows:

. . . .

2. Up to the penal sum [of $2,646.931] . . . and as . . . reduced by payments by the Surety, Surety shall remain liable for all work performed under the contract prior to the execution of this Agreement, including any latent defects in work performed up until the date of execution of this Agreement and for any necessary corrective work on previously performed work under the contract that is unknown and/or unidentified to date.

3. The Completion Contractor's price for performing the remaining work is $3,619,630.00. . . . The Government shall award the remaining contract to the Completion Contractor who shall perform the remaining work under the terms and conditions of the original contract [with exceptions not relevant here]. . . .

4. The Government shall pay the Completion Contractor . . . at the prices set forth [in] the Original Contract, or . . . in [Completion Contractor's prices shown in] **Exhibit "A"**. As [items] are approved for payment by the Government, and up to its maximum penal sum amount . . . Surety shall pay the Completion Contractor the difference between the Base Contract or PEC Contracting prices and Completion Contractor's prices shown in **Exhibit "A"**. . . .

5. . . . During the progress of the completion work, Government shall . . . conduct business directly with the Completion Contractor as if it is the prime contractor under the original contract and future payments under this contract shall be made directly to: PORT VUE PLUMBING, INC.

. . . .

(ASBCA No. 53886, R4, tab 18 at 1, 2-4, emphasis in original)

12. On 25 April 2002, the government modified the contract to identify Port Vue as the completion contractor (ASBCA No. 53887, R4, tab 11 at Mod. P00007).

13. The contracting officer denied the claim on 3 May 2002 and asserted a government claim against Swiss Re for $12,434.78 for savings allegedly realized by PEC for using the water flushing method to install the initial 22 anchors (ASBCA No. 53886, R4, tab 20).

14. On 2 August 2002, appellant appealed the contracting officer's final decision. Swiss Re's claim was docketed as ASBCA No. 53886 and the government's claim was docketed as ASBCA No. 53887.

DECISION

Under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601-613, our jurisdiction is limited to disputes between the government and a "contractor" relating to contracts, *inter alia,* for the procurement of construction. Section 601(4) of the CDA defines a "contractor" as a "party to a Government contract other than the Government." On 19 March 2002, the day on which Swiss Re submitted its claim to the contracting officer, it was not a "contractor" for purposes of ASBCA No. 53886. The "partial completion agreement" Swiss Re entered into on 23 October 2001 did not include installation of the 69 rock anchors that are the subject of ASBCA No. 53886. Nor did Swiss Re become a "contractor" within the meaning of the CDA when it entered into the "completion contract" that included installation of the 69 rock anchors on 25 April 2002. Port Vue, rather than Swiss Re, was the completion contractor responsible for the construction work under the "completion contract." Consequently, we lack jurisdiction to decide the appeal. *Firemen's Fund Insurance Co. v. England*, 313 F.3d 1344, 1351 (Fed. Cir. 2002).

We also lack jurisdiction to decide ASBCA No. 53887. The government's claim for savings realized by the original contractor arose during performance of the original contract. Swiss Re did not have any contractual relationship with the government until 23 October 2001 when it entered into the "partial completion agreement" following the termination for default. *Fireman's Fund*, 313 F.3d at 1352. Accordingly, we lack jurisdiction to decide this appeal.

The appeals are dismissed for lack of jurisdiction.

Dated: 18 December 2003

ELIZABETH A. TUNKS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

EUNICE W. THOMAS
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 53886, 53887, Appeals of Swiss Reinsurance America Corporation, rendered in conformance with the Board's Charter.

Dated: DEC 1 8 2003

EDWARD S. ADAMKEWICZ
Recorder, Armed Services
Board of Contract Appeals